**STATE OF MONTANA,**
        **Plaintiff,**                 **NO. DC 94-064**
    vs.                          **DECISION**

**Dale M. Hanson,**
        **Defendant.**

On July 24, 1995, it was the order of this Court that the defendant be sentenced as follows: Count I: Sexual Assault, a Felony, twenty (20) years at the Montana State Prison. Count II: Deviate Sexual Conduct, a Felony, ten (10) years at the Montana State Prison, said terms to run concurrently. If the defendant participates in sex offender treatment at Montana State Prison, he shall not be eligible for parole until completing Phases I and II of the Sexual Offender Treatment Program. If the defendant refuses treatment, or is found to be ineligible for treatment, the defendant shall not be considered eligible for parole until he completes at least one-third of his sentence. The Court further orders that upon his release on parole, the defendant shall comply with conditions as stated in the July 24, 1995 judgment. The defendant shall receive credit for 13 days served in pre-sentence incarceration as of April 17, 1995. As required by Section 46-18-254, M.C.A., the defendant is hereby advised of his obligation to register as a sexual offender upon his release from custody. More specifically, un-

der Title 46, Chapter 23, Part 5, of the Montana Code Annotated, the defendant must: 1. Within fourteen (14) days of coming into a County in which he resides or is temporarily domiciled, register with the Chief of Police of the municipality or the Sheriff of the County if he resides in an area other than a municipality; 2. Within ten (10) days of changing residence, give written notification of his new address to the law enforcement agency with whom he last registered. Sections 46-23-504 and 46-23-505, M.C.A. The defendant is further advised that his obligation to register continues for a period of ten (10) years following his release from prison. Failure to comply with this requirement is punishable by a maximum fine of $250.00 and by a maximum term of imprisonment of ninety (90) days. Sections 46-23-506 and 46-23-507, M.C.A. A misdemeanor, failure to comply with this requirement could also result in the revocation of parole and/or probation.

On February 19, 1998, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and proceeded Pro Se. The state was not represented.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be amended to Twenty (20) years with ten (10) suspended to Montana State Prison for the offense of Count I: Sexual Assault, a Felony. The sentence for Count II: Deviate Sexual Conduct, a felony, shall remain the same. The sentences shall remain concurrent and all other conditions of the July 24, 1995 judgment shall remain the same.

The reason for the amendment is because the defendant has no prior criminal record..

Done in open Court this 19th day of February, 1998.

DATED this 12th day of March, 1998.

**Chairman, Hon. Wm. Nels Swandal, Member, Hon. Richard Phillips and Member, Hon. Jeff Langton.**

The Sentence Review Board wishes to thank Dale Michael Hanson for representing himself in this matter.